**O**

# United States District Court
# Central District of California

| | |
|---|---|
| KERN RIDGE GROWERS, LLC, | Case No. 8:14-cv-00820-ODW(DFMx) |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR** |
| SEACOAST DISTRIBUTING, INC.; | **DEFAULT JUDGMENT AGAINST** |
| VICTOR M. RODRIGUEZ; VINCENT R. | **DEFENDANTS SEACOAST** |
| TOWLES, | **DISTRIBUTING, INC. AND** |
| Defendants. | **VINCENT R. TOWLES [17]** |

## I. INTRODUCTION

Plaintiff Kern Ridge Growers, LLC filed this Motion for Default Judgment Against Defendants Seacoast Distributing, Inc. and Vincent R. Towles on October 17, 2014. (ECF No. 17.) Kern Ridge filed suit against Seacoast, Towles and a third Defendant Victor M. Rodriguez on May 28, 2014, seeking to enforce its trust rights under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a–499t, and collect trust assets in the principal amount of $59,886.40, plus interest. Seacoast and Towles were served with the Complaint and have failed to answer or otherwise defend this action. The Clerk of Court entered default on September 26, 2014. (ECF No. 13.) For the reasons discussed below, the Court **GRANTS** Kern Ridge's Motion for Default Judgment. (ECF No. 17.)

## II. FACTUAL BACKGROUND

According to the Complaint, in a series of transactions between June 25, 2010 and July 22, 2010, Kern Ridge sold and shipped perishable agricultural commodities to Seacoast. (Compl. ¶ 11.) Seacoast agreed to pay Kern Ridge a total principal amount of $66,862.40. (*Id.*) Kern Ridge alleges that Seacoast received and accepted all product shipped by Kern Ridge per the agreement between the parties. (*Id.* ¶ 12.) However, after repeated demands and partial payment, Kern Ridge alleges that $59,866.40 remains past due and owing. (*Id.* ¶¶ 13–14.)

At the time of these transactions, Seacoast was engaged in handling produce in interstate and/or foreign commerce as a commission merchant, dealer, retailer, and/or distributor operating under PACA License Number 19871310. (*Id.* ¶ 10.) The individual Defendants in this action, Towles and Rodriguez, were officers, directors, and/or shareholders of Seacoast, responsible for the daily management and control of Seacoast. (*Id.* ¶ 6.)

Kern Ridge filed suit on May 28, 2014. (ECF No. 1.) Seacoast and Towles were personally served with the Summons and Complaint on June 22, 2014.[1] (ECF Nos. 8, 9.) Answers were due on July 13, 2014, but Seacoast and Towles failed to make an appearance. The Clerk of Court entered default against Seacoast and Towles on September 26, 2014. (ECF No. 13.) On October 17, 2014, Kern Ridge filed the present Motion for Default Judgment against Seacoast and Towles. (ECF No. 17.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the default is entered under Rule 55(a). Local Rule 55-1 requires that the movant submit a declaration establishing (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service

---

[1] Rodriguez had not yet been served with the Complaint. On September 26, 2014, the Court granted Kern Ridge's request for an additional 120 days to serve Rodriguez after repeated attempts to locate him have failed. (ECF No. 14.)

1  member; and (4) that the defaulting party was properly served with notice if required
2  by Federal Rule of Civil Procedure 55(b)(2).

3       A district court has discretion whether to enter default judgment. *Aldabe v.
4  Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Upon default, the defendant's liability
5  generally is conclusively established and the well-pleaded factual allegations in the
6  complaint are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915,
7  917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557,
8  560 (9th Cir. 1977)).

9       In exercising its discretion, a court must consider several factors: (1) the
10 possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim;
11 (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility
12 of dispute concerning material facts; (6) whether the defendants default was due to
13 excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil
14 Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72
15 (9th Cir. 1986).

## IV. DISCUSSION

### A. Notice

18      The Court finds that Kern Ridge has complied with all the requirements of
19 Local Rule 55-1. In compliance with the California Code of Civil Procedure, the
20 Summons and Complaint were personally served on Seacoast and Towles. *See* Cal.
21 Civ. Proc. Code §§ 415.10, 416.10.

### B. *Eitel* Factors

23      Kern Ridge brings suit against Seacoast and Towles to enforce its trust rights
24 under PACA. The Court finds that the *Eitel* factors weigh in favor of granting default
25 judgment.

#### 1. Merits and Sufficiency of Kern Ridge's PACA Claim

27      The Court first focuses on the merits of Kern Ridge's claim under PACA and
28 the sufficiency of its allegations in the Complaint. "PACA is a federally created

statutory trust intended to promote efficiency and fairness in the perishable agricultural commodities industry." *Middle Mountain Land & Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220, 1223 (9th Cir. 2002). Under the provisions of PACA, a produce dealer holds its produce-related assets as a fiduciary until full payment is made to the produce seller. *In re Milton Poulos, Inc.*, 947 F.2d 1351, 1352 (9th Cir. 1991). To prevail on its PACA claim, Kern Ridge must show that (1) the commodities sold were perishable agricultural commodities; (2) the purchaser of the perishable agricultural commodities was a commission merchant, dealer, or broker; (3) the transaction occurred in contemplation of interstate or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by including statutory language referencing the trust on their invoices. *See* 7 U.S.C. § 499e(c)(3)–(4); 7 C.F.R. § 46.46; *King v. Hartford Packing Co., Inc.*, 189 F. Supp. 2d 917, 925 (N.D. Ind. 2002).

Kern Ridge properly pleaded that it sold and shipped perishable agricultural commodities to Seacoast and that Seacoast was a commission merchant, dealer, and/or broker as defined by PACA. (Compl. ¶¶ 10–11; Botta Decl. ¶ 10.) Kern Ridge further alleges that the perishable agricultural commodities were purchased and sold in or in contemplation of interstate commerce. (*Id.* ¶¶ 10, 20.) Moreover, as alleged in the Complaint, full payment has not been made on the perishable agricultural commodities shipped to Seacoast by Kern Ridge. (*Id.* ¶¶ 14, 27.) Kern Ridge also alleges that on the date of each transaction between June 25, 2010 and July 22, 2010, Kern Ridge forwarded invoices to Seacoast containing all the necessary language to preserve Kern Ridge's PACA trust rights. (Compl. ¶ 21.) The invoices have been submitted in support of this Motion. (Giragosian Decl. ¶ 8, Ex. 1.) Thus, according to Kern Ridge, Seacaost has breached its fiduciary duty as PACA trustee. (Compl. ¶ 35.)

Under PACA, any person in a position to control the PACA trust assets but fails to do so is personally liable to unpaid sellers for breach of the PACA trust. *See Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997). Here, Kern Ridge

alleges that Towles was an officer, director, and/or managing member of Seacoast with actual and constructive knowledge of the PACA trust and was responsible for the daily management and control of Seacoast. (Compl. ¶¶ 6, 31–32.) Kern Ridge also alleges that Towles controlled the PACA trust assets that are the subject of this suit and was a statutory trustee of those PACA trust assets. (*Id.*) Towles breached his fiduciary duty as PACA trustee by failing to preserve sufficient trust assets to pay Kern Ridge. (*Id.* ¶¶ 23–24.)

Based on the above, the Court finds that Kern Ridge has adequately pleaded a meritorious claim under PACA.

### 2. Remaining *Eitel* Factors

The Court finds that the merits of Kern Ridge's PACA claim and the sufficiency of the allegations in the Complaint favor granting default judgment. While the policy favoring judgments on the merits will always weight against default judgment, the remaining *Eitel* factors also favor Kern Ridge's Motion.

Without default judgment, Kern Ridge will be left without a remedy. Moreover, the sum of money at stake is consistent with Kern Ridge's allegations of harm. Kern Ridge is merely seeking the benefit of the bargain, $59,886.40—the principal amount due and owing for delivery of the perishable agricultural commodities—as well as pre- and post-judgment interest. The possibility of a material dispute of fact is also low as Kern Ridge has filed a well-pleaded complaint alleging the facts necessary to prevail on its claims. It is also unlikely that Seacoast and Towles' failure to appear in this action is due to excusable neglect. The Summons and Complaint were personally served on Seacoast and Towles in compliance with the California Code of Civil Procedure.

### C. Damages

Kern Ridge asks for a damages award pursuant to PACA. *See* 7 U.S.C. § 499e. First, Kern Ridge requests the principal amount of $59,886.40. The Court finds this amount justified based on the declarations filed in support of this Motion.

Kern Ridge also seeks pre- and post-judgment interest at a rate of 10% based on California Civil Code section 3289(b). (Mot. 9–10.) Prejudgment interest may be awarded in a PACA trust claim if supported by a contractual right; alternatively, a court has discretion to award reasonable prejudgment interest if such an award promotes the interests of PACA claimants. *See Middle Mountain*, 307 F.3d at 1225–26. Here, the Court finds the award of prejudgment interest appropriate. Furthermore, the Court is satisfied with Kern Ridge's reasoning for application of California Civil Code section 3289(b), which sets out a legal rate of interest in breach-of-contract cases. The Court relies on the calculations set forth in the declaration of Kern Ridge's counsels and awards prejudgment interest in the amount of $25,807.19, plus $16.40 a day from November 17, 2014 until the date of this Order. (*See* Botta Decl. ¶¶ 15–17, Ex. 2.) However, the Court will not diverge from 28 U.S.C. § 1961 with regard to post-judgment interest, and awards post-judgment interest as allowed in that section.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Default Judgment Against Seacoast and Towles. (ECF No. 17.) The Court awards Plaintiff damages in the amount set forth above and in the separate judgment to issue.

**IT IS SO ORDERED.**

November 21, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**